Dupuy v. Wurtz.

---

DUPUY v. WURTZ, executor, etc., appellant.

*Costs — extra allowance — power of supreme court in appeals from surrogate's decree.*

An appeal was taken to the general term from a decree of the surrogate, admitting a will to probate. The general term affirmed the décree and its judgment was affirmed by the court of appeals, which directed costs of all parties paid out of the estate. After the decision in the supreme court the surrogate allowed contestant's attorney $1,000, and after the final decision the special term made a further allowance of $1,000 above the taxable costs. *Held,* that the special term had power to make this allowance. Appellate courts cannot grant an extra allowance in ordinary cases. But in an appeal from a decree of a surrogate, the supreme court is, by Code, § 318, made the court of original jurisdiction for the purposes of costs.

APPEAL by Charles P. Wurtz, executor of the last will of Martha P. Wurtz, deceased, from an order of Mr. Justice BRADY, at special term, entered December 29, 1873, granting to the attorneys of the contestant of the probate of said will, T. Haskins Dupuy, the sum of $1,000, to be paid out of the funds of the estate of the decedent, by way of further allowance in addition to taxable costs. The facts appear sufficiently in the opinion. The amount of the estate involved exceeds $300,000.

*Owen, Nash & Gray,* for appellant. There is no power in the appellate court to grant an allowance. *Wolf* v. *Van Nostrand,* 2 N. Y. 570; *People* v. *N. Y. C. R. R. Co.,* 29 id. 428; *Seguine* v. *Seguine,* 3 Abb. N. S. 442, is not to be followed; it was not affirmed on this point. Laws 1870, chap. 359, § 9.

*Coudert Brothers,* for respondent, cited § 218 of Code. These appeals, when they leave the surrogate's court, are *res nova. Delafield* v. *Parish,* 25 N. Y. 16; Dayton on Surrogates, 741. § 309 of Code was passed after the decision of *Wolf* v. *Van Nostrand, supra,* and § 318 does not apply to it; *Seguine* v. *Seguine, supra.*

DAVIS, P. J. This case came into this court by appeal from the decree of the surrogate of the city and county of New York, admitting the will in contest to probate. The decree of the surrogate was affirmed by the general term, and on appeal to the court of appeals, the judgment of the supreme court was also affirmed. See *Dupuy* v. *Wurtz,* 53 N. Y. 556.

The question of costs was disposed of by the court of appeals, by directing that the costs of all the parties in that court and in the courts below should be paid out of the estate.

It appears that on the decision of the case in this court, the surrogate allowed counsel fees to the respective parties, and amongst such allowances the sum of $1,000 to the contestant's counsel.

The special term granted a motion for an additional allowance, and from the order entered thereupon the appeal is taken.

We are of opinion that the court below had power under the Code to grant an allowance. The 318th section of the Code is clear and explicit; from the time the appeal from the surrogate was brought before the supreme court for review, the proceedings are to be deemed an action at issue on a question at law "for all purposes of costs.

For such purpose the case is to be treated as an action originally commenced in this court and tried upon an issue of law. *Seguine* v. *Seguine*, 3 Abb. (N. S.) 442, is precisely in point, and we think was correctly decided.

*Wolf* v. *Van Nostrand*, 2 N. Y. 570, and *People* v. *New York Central Railroad Co.*, 29 id. 428, hold that appellate courts cannot grant the allowance because the statute gives the same by way of indemnity for the expenses of the trial in the court of original jurisdiction. This court in a late case has followed these decisions and denied an allowance when no costs were recovered by either party in the court in which the action was tried. But by section 318 of the Code the appellate court is· *pro hac vice* made the court of original jurisdiction. The objection that an allowance having been made in the surrogate's court none can be made in this is not well taken. That allowance was exclusively for services in that court, and as the statute makes the appeal to that court *res nova* for the purposes of costs, the court is clothed with full discretion in the matter.

There is no reason to interfere with the order on the ground that the amount was excessive. The order should be affirmed, with costs.

*Order affirmed.*